*Kirkpatrick C. J.
This action was instituted March 29, 1817. The plaintiffs, in their state of demand, claim a balance due on settlement of accounts dated May 27, 1799, of 29 dollars, 25 cents, with interest thereon till April 12, 1817, being the day of the return of the process, amounting to 36 dollars, 85 cents, making in the whole, 66 dollars, 10 cents.
On the trial of the cause, the defendant moved for a nonsuit; first, upon the insufficiency of the state of demand, it being for one aggregate sum as a balance on a settlement of accounts, and not containing and setting forth the particular items of the account; secondly, upon the statute of limitations, the striking of the balance itself being of much more than six years standing, and no evidence of an assumption to pay within that time; and thirdly, for that the cause had been once before tried, and a verdict rendered for the defendant. The justice, however, overruled this motion for a nonsuit, put the cause to the jury, and received their verdict, and entered his judgment for 65 dollars, 97 cents.
The law undoubtedly requires that the copy of an account filed should contain and set forth the particular items. It is indeed this that makes an account, and it is this only that can apprize a defendant of the matter to which he is to answer. It has repeatedly been determined, that a mere statement of a balance is not sufficient. But here the balance was settled by the parties, and in such case it is sufficient to exhibit it as an item of account and so settled.
With respect to the statute of limitations, the justice has stated the evidence upon which the plaintiffs rested to relieve themselves from the operation of it. Two or more of their witnesses said, that in conversation with the defendant, in February 1817, touching this claim, he told them that the debt was an honest one, but that he had paid it, and had a receipt to shew for it.
The pleading of the statute of limitations never calls in question the justness of the debt originally; it only *176 raises the presumption that the same has been satisfied paid; and to this presumption the statute gives effect -^y taking away the party’s remedy to recover. For the defendant, therefore, to say that the debt was just, but that he had paid it, was no admission of, or assumption to pay, an existing debt, but the contrary; and notwithstanding such acknowledgment he might well put himself upon the statute to protect him from further vexation.
*Upon the first reason, urged for a nonsuit, it is thought the justice has mistaken the law.
By the whole Court. Therefore, let the judgment be reversed.
The Court expressed no opinion upon the second reason.